HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KA WAI JIMMY LO,

    Plaintiff,

v.

THE UNITED STATES OF AMERICA,

    Defendant.

Case No. 2:17-cv-01202- RAJ

ORDER

## I.  INTRODUCTION

This matter comes before the Court on Plaintiff's Motion for Partial Summary Judgment on Liability, Dkt. # 63, and Defendant's Motion for Partial Summary Judgment, Dkt. # 67.  Having reviewed the briefing, remaining record, and applicable law, the Court **GRANTS** Plaintiff's motion, Dkt. # 63, and **GRANTS in part** and **DENIES in part** Defendant's motion, Dkt. # 67.

## II.  BACKGROUND

On November 23, 2012, Plaintiff Ka Wai Jimmy Lo ("Plaintiff" or "Mr. Lo") was driving in his vehicle when he was struck by a mail truck driven by United States Postal Service ("USPS") employee, Christian Tanuyan.  Dkt. # 63 at 1.  Plaintiff alleges that, as a result of the collision, Plaintiff sustained injuries, had multiple surgeries, and "more than eight years of extensive treatment."  *Id.* at 2.

ORDER – 1

Plaintiff filed an administrative claim with USPS on November 14, 2014.  Dkt. # 61 at 2.  USPS issued a final denial on the claim on March 1, 2016.  *Id*.  On August 9, 2017, Plaintiff sued the United States ("Defendant" or "the Government") pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2674 ("FTCA").  Dkt. # 63 at 4.

On September 14, 2021, Plaintiff filed a motion for summary judgment on liability.  Dkt. # 63.  The same day, the Government filed a motion for partial summary judgment.  Dkt. # 67.  The Court will address each motion in turn.

### III.   LEGAL STANDARD

Summary judgment is appropriate if there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Where the moving party will have the burden of proof at trial, it must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party.  *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007).  On an issue where the nonmoving party will bear the burden of proof at trial, the moving party can prevail merely by pointing out to the district court that there is an absence of evidence to support the non-moving party's case.  *Celotex Corp.*, 477 U.S. at 325.  If the moving party meets the initial burden, the opposing party must set forth specific facts showing that there is a genuine issue of fact for trial to defeat the motion.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).  The court must view the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor.  *Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 150-51 (2000).

### IV.   DISCUSSION

**A.   Plaintiff's Motion for Partial Summary Judgment for Liability**

Plaintiff filed the pending motion for summary judgment on the issue of liability.  Dkt. # 63.  Having investigated Plaintiff's collision, the Government does not deny that it

ORDER – 2

is liable.  Dkt. # 88 at 1.  But it "den[ies] the nature and extent of [Plaintiff's] injuries." *Id.*  Though the Government does not substantively respond to Plaintiff's motion nor contest liability, Plaintiff must still meet his burden to show that he is entitled to judgment as a matter of law on the issue of liability.  *See* Fed. R. Civ. P. 56(a).

Plaintiff claims that because Mr. Tanuyan at the time of collision was acting in furtherance of his employer's business by "engaging in mail-delivering activities for the Defendant," Defendant is liable under the doctrine of respondeat superior.  Dkt. # 63 at 4.  Under this doctrine, an employer may be liable for any third-party injuries caused by an employee's negligence if the employee was acting within the "scope of employment" at the time of the incident.  *Breedlove v. Stout*, 14 P.3d 897, 899 (Wash. Ct. App. 2001).  To determine whether an employee was acting in the scope of employment, a court must consider whether the employee was, at the time of the occurrence, engaged in the performance of the duties required in his employment contract, acting under specific direction of his employer, or "whether he was engaged at the time in the furtherance of the employer's interest."  *Dickinson v. Edwards*, 716 P.2d 814, 819 (Wash. 1986).

Here, it is undisputed that Mr. Tanuyan caused the collision.  Dkt. # 63 at 4-5; Dkt. # 88 at 1.  It is also undisputed that Mr. Tanuyan was acting in furtherance of his employer's interest at the time of the collision.  Dkt. # 63 at 4; Dkt. # 88 at 1.  Plaintiff has therefore met his burden in establishing the Government's liability for the collision and is entitled to summary judgment on this issue.

**B. Defendant's Motion for Partial Summary Judgment**

The Government moves for partial summary judgment as to Plaintiff's claim for past lost earnings and past medical expenses.  Dkt. # 67.  Plaintiff argues that the Government's motion should be stricken because it was improperly noted or, alternatively, should be denied because Plaintiff has presented sufficient evidence to support his claims for lost earnings and past medical expenses.  The Court will address each argument in turn.

ORDER – 3

1          *1.     Motion for Summary Judgment Properly Noted*

2         As a preliminary matter, the Court denies Plaintiff's request to strike. The Court finds that the Government's motion, Dkt. # 67, was, in fact, properly noted pursuant to this district's local rules. Under LCR 7(d)(3), a motion for summary judgment "shall be noted for consideration on a date no earlier than the fourth Friday after filing and service of the motion." The Government filed its motion on Tuesday, September 14, 2021. Dkt. # 67. October 8, 2021 was the fourth Friday after filing, not October 15, 2021, as Plaintiff contends. The Government's motion was therefore properly noted for consideration on October 8, 2021. Even if the motion had been improperly noted, the Court would simply re-note it, not strike the motion altogether.

        *2.     Claims for Lost Earnings*

        The Government argues that it is entitled to summary judgment with respect to Plaintiff's lost earnings because Plaintiff does not provide sufficient evidence to support any lost earnings. Dkt. # 67 at 7. Plaintiff contends that he provided evidence of lost earnings in his response to interrogatories and requests for production. Dkt. # 76 at 1-2. Specifically, Plaintiff cites his initial interrogatory responses wherein he described various stints of work, including work as a salesman in 2017 and as a part-time employee performing audits for a realty company for part of 2018, his hourly wages, and his self-employment over ten years. *Id.* at 2. Plaintiff supplemented his interrogatory answers to include his prior employer information, type of work performed, and wages earned between 2000 and 2020. Dkt. # 77-3 at 9-10. Plaintiff also provided tax returns from 2007 through 2019 in response to discovery requests. Dkt. # 76 at 2; Dkt. # 77-8 at 2-49.

        At the summary judgment stage, the Court's function is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson,* 477 U.S. at 249. Viewing the evidence in the light most favorable to Plaintiff, the nonmoving party, and drawing all reasonable inferences in its favor, the

ORDER – 4

1  Court concludes that such a factual issue precludes summary judgment here. *See Reeves*,
2  530 U.S. at 150-51.  Plaintiff, through his interrogatory answers and responses to
3  discovery, provides evidence of his injury.  His prior employment and wages are
4  sufficient to raise a factual dispute regarding whether Plaintiff's injury resulted in lost
5  wages. *See* Fed. R. Civ. P. 56(c) (a party asserting that a fact is disputed must support the
6  assertion by "citing to particular parts of materials in the record, including
7  depositions, . . . interrogatory answers, or other materials").

The Government contends, among other things, that Plaintiff's earnings in the years prior to the collision "were inconsistent and negligible" and that Plaintiff has not proffered an expert to opine on alleged wage loss. Dkt. # 87 at 4.  But this goes to the weight of the evidence, which is not properly considered at this procedural stage, *see* 477 U.S. at 249, and to the amount of damages, which is a question of fact.  *See Bunch v. King Cty. Dep't of Youth Servs.*, 116 P.3d 381, 389 (Wash. 2005) (holding that "[t]he jury is given the constitutional role to determine questions of fact, and the amount of damages is a question of fact"); *James v. Robeck*, 490 P.2d 878, 881 (Wash. 1971).  The Court therefore denies the Government summary judgment on Plaintiff's claim for lost earnings.

      3.     *Claims for Past Medical Expenses*

Finally, the Government argues that Plaintiff's claims for past medical expenses fail because he cannot produce evidence showing that the past medical expenses were reasonable and necessary. Dkt. # 67 at 10.  The Court agrees.  Having excluded the opinions of Sanford Wright, M.D., Plaintiff's expert witness, regarding the reasonableness and necessity of Plaintiff's medical bills in a prior order, the Court finds that Plaintiff has no evidence supporting such a finding, as required by Washington courts. *See Patterson v. Horton*, 929 P.2d 1125, 1130 (Wash. Ct. App. 1997) (holding that "the plaintiff must prove that medical costs were reasonable and, in doing so, cannot rely solely on medical records and bills") (collecting cases).

ORDER – 5

Plaintiff argues that he timely produced "thousands of Plaintiff's medical and billing records in support of the claim that [Plaintiff] incurred past medical expenses no less than $248,686.25." Dkt. # 76 at 7. Under Washington law, however, "medical records and bills are relevant to prove past medical expenses only if supported by additional evidence that the treatment and the bills were both necessary and reasonable." 929 P.2d at 1130. Plaintiff asserts that a treating provider may testify as a fact witness and provide expert testimony, but Plaintiff has not disclosed any treating providers as witnesses as required by the Federal Rules of Civil Procedure. Fed. R. Civ. P. 26(a)(2)(c); Fed. R. Civ. P. 26(a)(1)(A).

Plaintiff's failure to identify any expert witnesses or proffer any evidence supporting the reasonableness and necessity of the medical bills defeats its argument against summary judgment. The Court concludes, therefore, that the Government is entitled to summary judgment on past medical claims.

## V.   CONCLUSION

For the reasons stated above, the Court **GRANTS** Plaintiff's motion for summary judgment on liability, Dkt. # 63, and **GRANTS in part** and **DENIES in part** Defendant's motion for partial summary judgment, Dkt. # 67.

DATED this 4th day of November, 2021.

*[Signature: Richard A. Jones]*

The Honorable Richard A. Jones
United States District Judge

ORDER – 6