HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KA WAI JIMMY LO,

    Plaintiff,

    v.

THE UNITED STATES OF AMERICA,

    Defendant.

Case No. 2:17-cv-01202- RAJ

ORDER

## I.   INTRODUCTION

This matter comes before the Court on Plaintiff's Motion to Amend the Claim Amount.  Dkt. # 57.  Defendant opposes the motion.  Dkt. # 61.  Having reviewed the briefing, remaining record, and applicable law, the Court **DENIES without prejudice** to refiling consistent with the findings in this Order.

## II.   BACKGROUND

On November 23, 2012, Plaintiff Ka Wai Jimmy Lo ("Plaintiff" or "Mr. Lo") was driving in his vehicle when he was struck by a mail truck driven by a United States Postal Service ("USPS") employee.  Dkt. # 63 at 1.  As a result of the collision, Plaintiff allegedly suffered significant and ongoing injury.  Dkt. # 57 at 2.

Following the collision, Plaintiff complained of neck, back, chest, and thoracic pain.  *Id.*  After undergoing an MRI on January 29, 2013, Plaintiff was diagnosed with a

ORDER – 1

small paracentral disc extrusion at L3-L4 and a small central disc herniation at L4-L5. *Id.* Plaintiff was told that there was "no surgical indication for the low back pain he experienced." *Id.*

Almost two years after the collision, on November 14, 2014, Plaintiff filed a Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2674, Claim Form with USPS. *Id.* On the form, Plaintiff indicated that he experienced pain in his neck, upper and lower back, shoulder, knees, legs, chest, and face, that he was "undergoing treatment for the severe injuries received," and that he might need an additional MRI. Dkt. # 59-7 at 2. He requested "$300,000 if not more depending on future economic loss." *Id.*

Plaintiff claims that during Thanksgiving 2014, less than two weeks after his claim was filed, his pain "spiked considerably due to the motor vehicle accident on November 23, 2012." Dkt. # 57 at 2. Specifically, Plaintiff alleges that his low back pain was "intolerable, sudden, severe, and debilitating" and prevented him from sitting, standing, or walking for long periods. *Id.* On November 25, 2014, Plaintiff underwent a cervical MRI, which revealed a diffuse disc bulge at C5-6 and mild disc bulge at C3-4. *Id.* at 3. On December 1, 2014, Plaintiff consulted a doctor regarding pain in his right leg, which he claims was so significant that it prevented him from walking. *Id.* at 2. He received a steroid injection and was prescribed pain medication. *Id.* at 3.

On August 17, 2015, Plaintiff was evaluated for his right shoulder pain, numbness, and weakness. *Id.* His neurologist diagnosed him with right brachial plexitis, which was confirmed through an EMG. *Id.* Several months later, Plaintiff went to the emergency room due to worsening right arm symptoms and "unbearable" pain. *Id.* He received increased doses of pain medication. *Id.* Shortly thereafter, his doctor referred him to a psychologist for his anxiety and depression. *Id.* at 4. On February 22, 2016, Plaintiff was diagnosed with Post-traumatic Stress Disorder ("PTSD"). *Id.* at 5. On March 2, 2016, USPS issued a final denial on his claim. Dkt. # 61 at 3.

Several months later, on August 2, 2016, Plaintiff underwent another MRI, which

ORDER – 2

1  revealed disc herniations at L3-4. Dkt. # 57 at 3. He was diagnosed with herniated
2  nucleus pulposus, lumbar radiculopathy, and lumbar stenosis. *Id.* His doctor
3  recommended surgery. *Id.* Three weeks later, Plaintiff underwent a lumbar L3-4
4  laminectomy with right discectomy. *Id.* Several years later, in February 2020, Plaintiff
5  was recommended arthroscopic surgery with labral repair and femoroplasty for treatment
6  of his hip labral tears. *Id.* at 5.

7  On August 9, 2017, Plaintiff filed suit against the United States ("Defendant" or
8  "the Government"). Dkt. # 63 at 4. The case was continued several times due to health-
9  related issues of Plaintiff's prior counsel. Dkt. ## 20, 23, 26, 30, 33, 40. On August 19,
10 2021, Plaintiff moved to amend the claim amount. Dkt. # 57.

### III. DISCUSSION

12 The FTCA provides an exclusive remedy for plaintiffs against the United States
13 for injuries arising out of tortious acts committed by federal government employees
14 within the scope of their employment. *See Wilcox v. United States Postal Serv. Inc*, No.
15 817CV00224JLSKES, 2019 WL 4138007, at *2 (C.D. Cal. May 3, 2019) (internal
16 citation omitted). Before filing an FTCA claim in federal court, a plaintiff must first
17 present the claim to the appropriate federal agency. 28 U.S.C. § 2675(a). A claim is
18 deemed to have been "presented" when an agency receives from a claimant or authorized
19 representative "an executed Standard Form 95 or other written notification of an incident,
20 accompanied by a claim for money damages in a sum certain for injury to or loss of
21 property, personal injury, or death alleged to have occurred by reason of the incident."
22 28 C.F.R. § 14.2(a). A claim may be amended "at any time prior to final agency action
23 or prior to the exercise of the claimant's option under 28 U.S.C. 2675(a)." 28 C.F.R.
24 § 14.2(c).

25 A plaintiff may file suit in federal court only after the agency finally denies the
26 claim or if the agency fails to finally decide the claim within six months after it is filed.
27 28 U.S.C. 2675(a). If a plaintiff files an action for damages in the district court, the

28 ORDER – 3

FTCA bars the plaintiff from seeking damages beyond the amount requested in its administrative claim. 28 U.S.C. § 2675(b). However, the FTCA provides two exceptions to this restriction on damages:

> Action under this section shall not be instituted for any sum in excess of the amount of the claim presented to the federal agency, except where the increased amount is based upon newly discovered evidence not reasonably discoverable at the time of presenting the claim to the federal agency, or upon allegation and proof of intervening facts, relating to the amount of the claim.

28 U.S.C. § 2675(b).

In the pending motion, Plaintiff seeks to increase the claim amount requested in his administrative claim, filed on November 14, 2014, from $300,000 to $6,000,000. Dkt. # 57 at 1. Plaintiff argues that such an increase is justified pursuant to 28 U.S.C. § 2675(b) because his collision-related back injury worsened after the claim form was filed and he had to undergo back surgery after he was told he was not a candidate for such surgery. *Id.* In addition to the spinal injuries and unanticipated surgery, Plaintiff claims that he has suffered worsened neck pain, hip pain, anxiety, and depression since the claim form was filed. *Id.* at 3, 5. Plaintiff seeks further damages related to his disability, physical and mental pain and suffering, loss of society and companionship, loss of income and future earning capacity, and loss enjoyment of life experienced. *Id.* at 11-12. Plaintiff contends that he is entitled to amend his claim based on "new evidence that could not be discovered prior to the claim form was filed [sic] because they all occurred after the claim form was filed." *Id.* at 9-10. Plaintiff bears the burden of proving that he is entitled to these additional damages in excess of his administrative claim. *Spivey v. United States*, 912 F.2d 80, 85 (4th Cir. 1990).

The Government opposes the motion to amend on several grounds, claiming it is procedurally flawed, untimely, and substantively deficient. Dkt. # 61 at 2-3. The Government first argues that the motion to amend is "inherently unfair" because there is "no discernable standard of review" and the factual assertions proffered in support of the

ORDER – 4

motion have not been properly reviewed by the court for accuracy and admissibility. *Id.* at 3-4. The Government refers to its summary judgment motion challenging Plaintiff's entitlement to past medical expenses and lost wages, as well as its motions to exclude certain opinions of Plaintiff's expert witnesses, and asks the Court to deny the motion to amend without prejudice to be renewed after the Court has ruled on the Government's motions . *Id.* at 3; *see* Dkt. ## 67, 69, 71. The Court notes that it has ruled on the parties' motions for summary judgment, *see* Dkt. # 92, and on the Government's motion to exclude and strike expert opinions of Sanford Wright, M.D., *see* Dkt. # 91. However, for purposes of this motion, the Court concludes that it need not address the Government's other pending motions. The questions before the Court in the motion to amend are timeliness and the reasonable foreseeability of evidence at issue, and they can be resolved without addressing the accuracy or admissibility of all expert testimony. The Court, therefore, now focuses on these determinative questions.

**A. Timeliness of Amended Claim**

The Government contends that Plaintiff's failure to amend his administrative claim by March 2, 2016, when USPS issued a final denial of the claim, renders his pending motion to amend the claim untimely. *Id.* The Ninth Circuit's guidance on this issue is limited, but it has confirmed that "on its face § 2675(b) requires only that newly discovered evidence must have come to light after the date of the *claim*." *Richardson v. United States*, 841 F.2d 993, 999 (9th Cir.), *amended*, 860 F.2d 357 (9th Cir. 1988) (collecting cases). In *Richardson*, the plaintiff obtained a damage award of $1.29 million in an FTCA action. *Id.* at 998. The Government objected, citing 28 U.S.C. § 2675(b), because the plaintiff had only requested damages in the amount of $950,000 in his administrative claim. *Id.* at 999. The plaintiff subsequently moved to amend his complaint to account for the increased sum, alleging that "the amputation of his leg and the resulting psychological problems constituted intervening facts that were not reasonably discoverable on July 5, 1975, the date the administrative claim was filed." *Id.*

ORDER – 5

The district court denied the motion to amend, finding that the "amputation of the leg occurred prior to the commencement of the action," and the alleged psychological injuries took place at some point before the trial. *Id.*

Upon review of the district court's findings, the Ninth Circuit concluded the following:

> We believe the trial court misapprehended the nature of the findings required by § 2675(b). The trial court believed that [the plaintiff] was barred from seeking a greater amount because the alleged intervening facts had occurred prior to *trial*. However, on its face § 2675(b) requires only that newly discovered evidence must have come to light after the date of the *claim,* and other courts have held that intervening facts should be treated likewise.

*Id.* (collecting cases). The Ninth Circuit held that the issue for the district court on remand was whether the full extent of the plaintiff's injuries was reasonably foreseeable as of the date the administrative claim was filed. *Id.* Because there was no dispute that the amputation and psychological disorder "occurred after the claim was filed," the Ninth Circuit held that the timing of the request to amend was not a bar. *Id.*

Since *Richardson*, district courts in the circuit have, for the most part,[1] followed suit, considering motions to amend damages amounts in FTCA claims based on allegations of newly discovered evidence that was not reasonably foreseeable at the time

---

[1] The Government cites *Beal v. United States*, No. CV 05-1278-AHM(AJWX), 2007 WL 9706707, at *3 (C.D. Cal. Mar. 29, 2007), *aff'd*, 404 F. App'x 212 (9th Cir. 2010) and *Indus. Indem. Co. v. United States*, 504 F. Supp. 394, 399 (E.D. Cal. 1980) for the proposition that a plaintiff may not amend his claim amount if he could have amended at any time prior to final agency action. *See* Dkt. # 61 at 10. The Court recognizes this conflict among lower court rulings, but follows the binding authority of *Richardson*, which requires only that the plaintiff's injuries were not reasonably foreseeable as of the date the administrative claim was filed. The Court also finds that the Government's reliance on *Redlin v. United States*, 921 F.3d 1133, (9th Cir. 2019) is misplaced, as the facts are distinguishable from those here: the plaintiff failed to amend his administrative claim before it was denied and failed to seek reconsideration with the agency or file suit in federal court within six months as required by 28 U.S.C. § 2401(b).

ORDER – 6

the administrative claim was filed. *See Resnansky v. United States*, No. 13-CV-05133-DMR, 2015 WL 1968606, at *7 (N.D. Cal. May 1, 2015) (holding that a plaintiff's osteochondral ankle lesion, ankle surgery, and wrist injury—diagnosed and treated after she filed an FTCA action—constituted newly discovered evidence that supported an increase in the claim amount originally requested); *Carswell v. United States*, No. 2:15-CV-01345-RAJ, 2017 WL 1479370, at *1 (W.D. Wash. Apr. 25, 2017) (applying the "reasonably foreseeable" standard to injuries sustained after presentation of administrative claim but before final agency decision and commencement of the action); *Wilcox v. United States Postal Serv. Inc*, No. 817CV00224JLSKES, 2019 WL 4138007, at *3 (C.D. Cal. May 3, 2019) (applying the "reasonably foreseeable" standard in considering whether the plaintiff could amend his claim for damages for alleged exacerbation of injuries sustained after the commencement of the action). The Court here follows the Ninth Circuit's guidance in *Richardson* and considers whether the full extent of Plaintiff's injuries was reasonably foreseeable as of the date of the administrative claim.

**B. Reasonable Foreseeability of Injury**

Plaintiff contends that he is entitled to amend his claim pursuant to § 2675(b) because evidence of the full extent of his injuries was not discoverable nor reasonably foreseeable when he filed his administrative claim. Dkt. # 57 at 9. Specifically, Plaintiff asserts that his worsened pain, which occurred after he filed his administrative claim and which required "hundreds of treatments with various medical providers, including but not limited to a neurologist, orthopedist, psychologist, and a mental health facility," was not reasonably foreseeable prior to the filing of the claim. *Id*. He also asserts that his lumbar laminectomy, as well as other surgeries, were not reasonably foreseeable. *Id*. Plaintiff contends that these "facts constitute new evidence that could not be discovered" before the claim form was filed. *Id*. at 9-10. Plaintiff also claims he is entitled to additional damages based on loss of wages and future earning capacity, pain and suffering, and loss

ORDER – 7

of society, companionship, and enjoyment of life experienced . *Id.* at 10-12.  The Government disagrees with each new claim for damages.  Dkt. # 61 at 4-9.

Whether amendment of the claim amount is permitted is based on whether the injuries were reasonably foreseeable at the time the claim was filed with USPS.  *See Richardson*, 841 F.2d at 999.  "The standard is an objective one, which examines not what the claimant expected, but what was reasonably known or discoverable at the time the claim was filed." *Branigh v. United States*, No. C07-5042FDB, 2007 WL 3306726, at *1 (W.D. Wash. Nov. 6, 2007) (citing *Michels v. United States*, 31 F.3d 686, 689 (8th Cir. 1994)).  The claimant may increase the amount of the claim after it has been filed only if an existing injury "worsen[s] in ways not reasonably discoverable by the claimant and his or her treating physician." *Id.*

However, "[w]hen existing medical evidence and advice put the claimant on fair notice to guard against the worst case scenario in preparing the administrative claim, an attempt to increase the amount of the claim during litigation should be rejected." *Carswell*, 2017 WL 1479370, at *3 (internal citation and quotations omitted).  This aligns with the purpose of the sum certain requirement of § 2675(b) "to ensure that federal agencies charged with making an initial attempt to settle tort claims against the United States are given full notice of the government's potential liability." *Low v. United States*, 795 F.2d 466, 471 (5th Cir. 1986).  Evidence that is "merely cumulative and confirmatory" is insufficient to meet a plaintiff's burden. *Wilcox*, 2019 WL 4138007, at *5. "[I]f the exact nature, extent and duration of each recognized disability must be known before § 2675(b) will be given effect, that section will be rendered useless; and the government will be unable to evaluate any claim made against it without the threat that, if it does not settle, its liability may increase substantially. *Id.* (citing *Low*, 795 F.2d at 471).

1. Worsened Pain

The Court finds that much of the injury Plaintiff alleges to be newly discovered

ORDER – 8

was, in fact, reasonably foreseeable at the time the claim was filed with the agency. Indeed, Plaintiff indicated on his administrative claim form that his injuries were "severe" and that he suffered from pain in his neck, back, shoulder, knees, legs, chest, and face. Dkt. # 59-7 at 2. *Id.* Plaintiff noted that he might need an MRI, indicating that further treatment and diagnosis were anticipated and reasonably foreseeable. *Id.* In his prior attorney's letter to the Government immediately following the filing of the claim, his attorney stated that Plaintiff "is still treating for the accident and may not be at maximum medical improvement," and was "in quite a bit of pain" which was causing sleep problems. Dkt. # 62-5 at 1.

Prior to the filing of his administrative claim on November 14, 2014, Plaintiff had reported significant pain to his doctors. On January 17, 2013, Plaintiff was evaluated for neck, back and mid-thoracic pain by Valley Orthopedic Associates. Dkt. # 59-3 at 4. He reported that he was "unable to do much of anything because of his pain," that "any position for a long period of time is painful and he has to change position frequently," and that "his pain can be so severe that he becomes dizzy." *Id.* He also noted that he can only walk for short periods of about fifteen minutes. *Id.* He was prescribed pain medication and a muscle relaxant. *Id.* At a follow-up appointment on March 1, 2013, Plaintiff reported continued neck and pain. Dkt. # 59-6 at 3. He was prescribed another muscle relaxant. *Id.* The health provider noted that he would order an MRI of Plaintiff's cervical spine if his neck symptoms did not improve within two weeks. *Id.*

Based on this evidence of Plaintiff's injuries documented on and before November 14, 2014, the Court finds that Plaintiff's ongoing severe back, neck, leg, and chest pain, were all known and discoverable at the time the claim was filed. Plaintiff's assertion that his back and leg pain worsened significantly after the claim was filed to the extent that it "would prevent [him] from sitting for long periods as well as standing and walking for long periods," Dkt. # 57 at 2, is inconsistent with Plaintiff's reports of the same symptoms to his medical providers in January and March of 2013. *See* Dkt. # 59-3 at 4

ORDER – 9

(reporting that "he is unable to do much of anything because of his pain," "his walking tolerance is 15 minutes," and "[h]e finds that any position for a long time is painful and he has to change position frequently"); *see also* Dkt. # 59-6 at 3 (reporting "ongoing neck and back pain" since the collision, and said he felt that "everything has been affected by the injury").

Plaintiff's treatment for the ongoing pain in the form of numerous MRIs, spinal injections, and "hundreds of medical appointments," Dkt. # 57 at 10, is "merely cumulative and confirmatory" and reasonably foreseeable given Plaintiff's ongoing pain. *Wilcox*, 2019 WL 4138007, at *5. Moreover, Plaintiff had been allegedly suffering from collision-related injuries for two years before he filed his administrative claim in 2014. His self-reported claims of severe and ongoing pain were sufficient to "put [him] on fair notice to guard against the worst case scenario in preparing the administrative claim." *See Carswell*, 2017 WL 1479370, at *3. Plaintiff's allegations that such injuries worsened in ways not reasonably discoverable by Plaintiff prior to the filing of the claim are simply inconsistent with the evidence documenting the severity of his injuries at that time. *See id.* (holding that a court determining whether an injury was reasonably foreseeable "examines not what the claimant expected, but what was reasonably known or discoverable at the time the claim was filed"). The Court denies amendment of the sum based on this evidence.

  2. *Surgical procedures*

The Court finds that the full extent of Plaintiff's back injury, specifically, his lumbar laminectomy, was not reasonably foreseeable at the time of his claim. Indeed, Plaintiff could not be expected to reasonably foresee that he would require surgery when, on March 1, 2013, he was told by a medical professional that "there is no surgical indication for the low back pain he experiences." Dkt. # 59-6 at 3. "A plaintiff should not be charged with knowing what his or her medical providers do not articulate, nor is a plaintiff required to obtain additional medical information through procedures not

ORDER – 10

1 otherwise ordered or suggested." *Resnansky*, 2015 WL 1968606, at *6. Here, because Plaintiff's orthopedic specialist explicitly confirmed that Plaintiff was not a candidate for surgery to resolve his lower back pain, the Court finds that such surgery was not reasonably foreseeable. *See Allgeier v. United States*, 909 F.2d 869, 878-79 (6th Cir. 1990) (holding that a plaintiff's knee surgery, ordered after the filing of an administrative claim, was not reasonably foreseeable due to relative improvement in her condition and her doctor's indication that her injuries were cured). The Court thus finds that amendment of the damages sum based on this surgery is permissible.

With respect to Plaintiff's recommended surgical treatment for his hip injury, Plaintiff fails to demonstrate that the surgery was not reasonably foreseeable prior to the filing of the claim. Unlike his back surgery, Plaintiff does not assert that he was not a candidate for hip surgery prior to his doctor's recommendation in February 2020. Plaintiff alleges he had suffered right hip pain since the collision, Dkt. # 59-31 at 4, yet provides no evidence why surgery to remedy it would not have been reasonably foreseeable at the time the administrative claim was filed. Plaintiff "must be charged with knowledge of [his] own symptoms as of the date of [his] [administrative] claim, notwithstanding [his] doctor's rosier view of [his] medical condition." *Resnansky*, 2015 WL 1968606, at *8. The Court finds that Plaintiff fails to meet his burden to show that his hip surgery was not reasonably foreseeable.

   3. Mental Health Injury

Similar to his claims of severe physical pain, Plaintiff reported his severe anxiety and depression to his providers prior to filing the claim and on the claim itself. On March 1, 2013, Plaintiff presented symptoms of anxiety and depression at his appointment with his orthopedic specialist. Dkt. # 59-6 at 3. He was then referred to a psychologist for treatment. *Id.* On his November 2014 administrative claim form, Plaintiff confirmed that he "has suffered a severe case of depression." Dkt. # 59-7 at 2. The Court finds that Plaintiff's subsequent PTSD diagnosis was reasonably foreseeable at the time of the

ORDER – 11

filing of the claim given the onset of severe depression and anxiety at the time of the collision. *See Wilcox*, 2019 WL 4138007, at *3 (holding "while courts do not charge a claimant with knowing what the physicians could not tell him, the information must not have been discoverable through the exercise of reasonable diligence" (internal citation and quotations omitted)).

### 4. *Loss of Wages and Future Earning Capacity and Life Care Planning*

The Court finds that Plaintiff's evidence regarding his wage loss and future earning capacity is not newly discovered. Plaintiff had not worked since the collision in November 2012. He filed his administrative claim almost two years later. As such, the Court finds that he was well aware of his lost earnings and was on notice of any potential future lost earning capacity. Plaintiff fails to demonstrate how intervening facts or newly discovered evidence support damages for lost wages and future earning capacity.

The Court similarly finds that Plaintiff fails to meet his burden with respect to his life care plan comprised of ongoing treatment and other needs. Dkt. # 57 at 11. Because Plaintiff has failed established that his injuries were not reasonably foreseeable, his request for damages based on injury-related treatment and needs also fails to meet the requirements of 28 U.S.C. § 2675(b). Plaintiff is expected to prepare his administrative claim based on the knowledge of his injuries and pain, including treatment. The Court finds that the existing medical evidence at the time of the filing of the administrative claim "put the claimant on fair notice to guard against the worst case scenario in preparing the administrative claim, [and] an attempt to increase the amount of the claim during litigation should be rejected." *Carswell*, 2017 WL 1479370, at *3. For the same reason, Plaintiff's request for damages for related to pain and suffering, loss of society and companionship, and loss of enjoyment of life experienced fails.

## IV.   CONCLUSION

For the foregoing reasons, Plaintiff's motion to amend is **DENIED without prejudice** to refiling insofar as the "newly discovered evidence" proffered to support a

ORDER – 12

claim amount above what is stated in the administrative claim is limited to Plaintiff's back surgery.  Plaintiff may file an amended motion consistent with this Order **within seven (7) days** of the date of this Order.  Failure to timely submit an updated claim amount will limit the damages available to the $300,000 amount requested in Plaintiff's administrative claim.

DATED this 12th day of November, 2021.

The Honorable Richard A. Jones
United States District Judge

ORDER – 13