UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KA WAI JIMMY LO,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | CASE NO. 2:17-cv-01202-TL<br><br>ORDER DENYING PLAINTIFF'S AMENDED MOTION TO AMEND THE CLAIM AMOUNT |

This matter comes before the Court on Plaintiff's Amended Motion to Amend the Claim Amount (the "Amended Motion"). Dkt. No. 94. The United States (the "Government") opposes the Amended Motion. Dkt. No. 97. Having reviewed the relevant record and having found this matter suitable for decision without oral argument, *see* Fed. R. Civ. P. 78(b), the Court hereby DENIES the Amended Motion without prejudice for the reasons explained below.

I. BACKGROUND

The Court assumes the Parties' familiarity with the underlying facts, procedural history, and the relevant issues in this case and will not repeat them here except to the extent necessary.

ORDER DENYING PLAINTIFF'S
AMENDED MOTION TO AMEND
THE CLAIM AMOUNT - 1

|   |   |
|---|---|
| 1 | This is Plaintiff's second time moving to amend the claim amount. Plaintiff first moved to amend the claim amount (the "First Motion") (Dkt. No. 93) from $300,000 to $6 million on the basis of various signs of worsened pain and injuries, back surgery (a lumbar laminectomy), and new categories of damages based on loss of wages and future earning capacity, pain and suffering, and loss of society, companionship, and enjoyment of life experienced. First Motion, at 10–12. The Court denied the First Motion without prejudice (the "First Motion Order") (Dkt. No. 93), holding that, with one exception noted below, Plaintiff's asserted bases for amending the claim amount had been reasonably foreseeable at the time his administrative claim was filed, which precluded increasing his claim amount under 28 U.S.C. § 2675(b) (2018). First Motion Order, at 8–12. Specifically, the Court found that the following had been reasonably foreseeable and so could not form the basis for an amended claim amount: worsened pain and related symptoms, such as the inability to sit, stand, or walk for long periods of time, and the treatment for such pain (except with the one exception); Plaintiff's ongoing mental health issues, such as his diagnosis of Post-Traumatic Stress Disorder; and Plaintiff's claims of wage loss, future earning capacity, future treatment, pain and suffering, and loss of society, companionship, and enjoyment of life. *Id.* The Court found, however, that Plaintiff's lumbar laminectomy had not been reasonably foreseeable at the time of Plaintiff's administrative claim, and so granted Plaintiff leave to file a renewed motion to amend the claim amount based *only* on Plaintiff's back surgery. *Id.*, at 10–11, 12–13. |
|   | Plaintiff filed the present Amended Motion and now seeks to amend the claim amount from $300,000 to $4.3 million. Amended Motion, at 1. Plaintiff argues that he is entitled to this increase in his claim amount on the basis of the nature and extent of Plaintiff's low back injury, which was "so severe that surgical intervention was necessary," as well as noneconomic damages such as loss of enjoyment of life as well as pain and suffering. *Id.* at 3–5. |

ORDER DENYING PLAINTIFF'S
AMENDED MOTION TO AMEND
THE CLAIM AMOUNT - 2

The Government opposes the Amended Motion, essentially arguing that Plaintiff's Amended Motion fails to comport with the First Motion Order because (1) it re-incorporates assertions and categories of damages that were already rejected and (2) Plaintiff failed to provide evidence supporting a $4 million claim amount increase for the back surgery. Dkt. No. 97, at 1. In reply, Plaintiff argues that his $4 million increase is justified by the governing law on general damages in the State of Washington. Dkt. No. 98, at 1–2.

## II.  DISCUSSION

28 U.S.C. § 2675(b) only permits a claimant to seek damages beyond the amount requested in the administrative Federal Tort Claims Act ("FTCA") claim on the basis of "newly discovered evidence not reasonably discoverable at the time of presenting the claim to the federal agency, or upon allegation and proof of intervening facts, relating to the amount of the claim." *See generally* First Motion Order, at 3–8 (explanation of relevant law).

### A.  **The Law on the Amendment of Claim Amounts**

The Court is in an unusual situation, in that the Court has already recognized that Plaintiff may seek an increase in his claim amount on the basis of his back surgery,[1] but Plaintiff has failed to provide support for how much the increase should be. *See infra* Section II.B. The Court has found limited guidance on this issue.

As a general matter, the claim amount represents the "ceiling" on the maximum damages that the claimant may recover, *see, e.g.*, *Malmberg v. United States*, 777 Fed. App'x 554, 559 & n.3 (2d Cir. 2019) (permitting an increased claim amount, "which fixes the ceiling on the maximum recoverable damages"), and is not the actual damages awarded pursuant to a fact-

---

[1] This case was transferred from the Honorable Richard A. Jones, who issued the First Motion Order, to the Honorable Tana Lin on December 13, 2021. This Court is persuaded by the "desirability that [parties to a lawsuit] shall, so far as possible, have reliable guidance how to conduct their affairs," *Amarel v. Connell*, 102 F.3d 1494, 1515 (9th Cir. 1996), and accepts and follows the First Motion Order as the law of the case.

finding process. *Cf. Michels v. United States*, 815 F. Supp. 1244, 1265–66 (S.D. Iowa 1993) (determining how much of the final damages award in excess of the original claim amount is attributable to the newly discovered evidence), *aff'd*, 31 F.3d 686 (8th Cir. 1994). Indeed, where courts recognize *some increase* in an FTCA claim amount is appropriate because of facts that were not reasonably foreseeable at the time of the administrative claim, they generally do not examine *how much* the increase should be. *See, e.g.*, *Adkins v. United States*, 990 F. Supp. 2d 621, 627 (S.D. W. Va. 2014) (increase from $6.3 million to almost $22 million in claim amount); *Milano v. United States*, 92 F. Supp. 2d 769, 772, 777 (N.D. Ill. 2000) (increase from $500,000 to over $4 million in claim amount); *Sullivan v. United States*, 173 F. Supp. 2d 691, 692, 693–94 (E.D. Mich. 2001) (increase from $250,000 to $500,000 in claim amount); *see also Donahue v. U.S. Transp. Sec. Admin.*, 457 F. Supp. 2d 137, 144 (E.D.N.Y. 2006) ("There is no requirement that the [FTCA claim amount] be 'reasonable'; that it be a precise measure of damages; or that the demand be otherwise qualified.").

On the other hand, Plaintiff is not free to demand whatever amount he wishes just because the Court has recognized *a* basis for *some* increase in the claim amount. *See, e.g.*, *Michels*, 815 F. Supp. at 1265 ("[T]he plain language of 28 U.S.C. § 2675(b) strongly militates against a holding that allowing Michels to amend permits the entire damages genie to escape from Aladdin's lamp."). There must be *some* support to justify a proposed claim amount increase, as "[t]he burden is squarely on the plaintiff to present evidence demonstrating why and how the requested increase is connected to the newly discovered evidence or intervening facts." *See Craig v. United States*, 2002 WL 31115604, at *5–6 (N.D. Ill. Sept. 23, 2022) (finding plaintiff had a basis for increasing her claim amount but had no evidence to justify a "very substantial increase" in the claim amount). The Court is also mindful that the primary goal of the restrictions on an FTCA claim amount is to "ensure that federal agencies charged with making an initial

attempt to settle tort claims against the United States are given full notice of the government's potential liability." *See Low v. United States*, 795 F.2d 466, 471 (5th Cir. 1986); *see also Johnson v. United States*, 704 F.2d 1431, 1442 (9th Cir. 1983) ("The primary goal of the procedures established by the FTCA is to facilitate satisfactory administrative settlements."). This advises restraint, especially where a claimant seeks a significant increase in the original claim amount. *See, e.g.*, *Salcedo-Albanez v. United States*, 149 F. Supp. 2d 1240, 1245 (S.D. Cal. May 23, 2001) ("Plaintiff's proposal to increase her claim to $500,000 would increase the government's potential for liability six times over. . . . [Permitting the increase] would seriously undermine the primary goal of the FTCA . . . ."); *see also Resnansky v. United States*, 2015 WL 1968606, at *4 (N.D. Cal. May 1, 2015) (noting that a "significantly higher claim can be a game-changer, for the government may well have decided to allocate a higher level of resources to defend against the claim had it been originally filed with the increased amount").

B. **Plaintiff's Basis for Increasing the Claim Amount**

Here, this case has not yet proceeded to trial, and the Court finds it premature to examine and weigh the evidence to determine how much of the amount over the original claim amount is justified by the available evidence at this time. At the same time, Plaintiff must at least show that his requested claim amount reflects an estimation of damages that are based on the back surgery.[2] He has failed to do so.

While acknowledging the path to a renewed motion to amend laid out by the First Motion Order, Plaintiff spends his briefing reviving his arguments for an increased claim amount based

---

[2] Ultimately, at trial, any amount over the original claim amount ($300,000) in the actual damages award must be directly attributable to the "newly discovered evidence." *E.g.*, *Resnansky*, 2015 WL 1968606, at *10 ("If 'recovery in excess of the amount originally sought in an administrative claim is justified, the plaintiff may only recover to the extent that the increased amount is attributable to the newly discovered evidence or intervening facts.'" (quoting *Craig*, 2002 WL 31115604, at *5)); *Michels*, 815 F. Supp. at 1265.

ORDER DENYING PLAINTIFF'S
AMENDED MOTION TO AMEND
THE CLAIM AMOUNT - 5

on not only his back surgery, but also a number of physical pain and related symptoms, mental health problems, and the loss of enjoyment of life—all of which the Court has recognized were reasonably foreseeable at the time of his administrative claim and are *not* a basis for increasing his claim amount. *See* First Motion Order, at 9–10. These include Plaintiff's assertions regarding: pain that was "intolerable, sudden, severe, and debilitating" that would "prevent the Plaintiff from sitting for long periods as well as standing and walking for long periods," *compare* Amended Motion, at 1–2, 4, *with* First Motion Order, at 8–9 (Plaintiff's "ongoing severe back . . . pain" and related difficulties with standing, sitting, and walking were improper bases for an amended claim amount); Plaintiff's epidural steroid injections, medications, and MRIs, *compare* Amended Motion, at 2, 4, *with* First Motion Order, at 10 (treatment of ongoing pain); Plaintiff's "extensive mental health problems," which are not directly linked to the back surgery, *compare* Amended Motion, at 5, *with* First Motion Order, at 11–12 (mental health issues); Plaintiff's "loss of enjoyment of life" and related symptoms, such as an inability to "work construction," *compare* Amended Motion, at 4–5, *with* First Motion Order, at 12 (lost earning capacity and loss of enjoyment of life). Plaintiff asserts that the pain associated with his low back and right leg "lasted for 4 years, *until* he had the low back surgery in 2016 that significantly relieved that pain." Amended Motion, at 5 (emphasis added). Plaintiff also submitted two supporting declarations, one from Plaintiff and one from Plaintiff's counsel, with certain attached exhibits, in support of the Amended Motion. Dkt. Nos. 95, 96.

   The only basis upon which Plaintiff may increase the claim amount is the back surgery. *See* First Motion Order, at 12–13. But neither Plaintiff's briefing nor the accompanying materials shed any light on potential claim amounts *related to Plaintiff's back surgery*. Plaintiff sums up the $4 million dollar increase as $1 million in new damages for each of the four years *between* the accident at question and *until* his back surgery:

ORDER DENYING PLAINTIFF'S
AMENDED MOTION TO AMEND
THE CLAIM AMOUNT - 6

> [T]he low back injury occurred in 2012 and *resolved in 2016*. That is 4 years of pain from his low back that contributed to the majority of his life effects, and was the center of his pain and suffering. Mr. Lo's low back injury was debilitating for 4 years *before* he was able to find sufficient medical care to significantly improve the problem. . . . Plaintiff humbly suggests that $1 million is a small price to pay for a year of a man's life.

Amended Motion, at 5–6 (emphasis added). Plaintiff does not expressly cite any other evidence to support this $4 million figure. But the issue before the Court is, after having recognized a basis for *an increase* in the claim amount for the back surgery, what might justify *how much* the increase in the claim amount can be. And for that question, the Court still has no answer.

Even if the Court were to assume Plaintiff's assertions as to the facts of this case are true, the Court finds no basis upon which to grant the $4 million increase in the claim amount based upon the specific facts asserted by Plaintiffs here. The problem is that the $4 million increase Plaintiff seeks, by his own admission, is not tied to the back surgery. As described above, the only justification Plaintiff gives for the $4 million figure is the back and leg pain leading up to the surgery, premising his figure on the "4 years of pain from his low back that contributed to the majority of his life effects[] and was the center of his pain and suffering." Amended Motion, at 5; *see also* Dkt. No. 98, at 2 (the requested increase "represents a valuation of general damages *specifically connected to a low back injury* that eventually required surgery" (emphasis added)). Plaintiff does not base his $4 million figure on, for example, the costs related to rehabilitation from the surgery, any pain and suffering resulting from the surgery,[3] or other damages tied to the surgery.[4] *See, e.g.*, *Sullivan*, 173 F. Supp. 2d at 693–94 (noting that related costs to a surgery

---

[3] Indeed, Plaintiff admits that his back surgery "significantly improve[d] the problem" associated with his low back injury and pain in his right leg. Amended Motion, at 6; Dkt. No. 96, Exh. 7, at 3–4 ("Q. So post the 2016 surgery, did you feel less pain in your lower back and your right leg? / A. Yes. / Q. Okay. Has the pain come back or is it completely subsided? / A. The pain is gone. I would[n't] say it's gone, but the nerve pain is gone.").

[4] The Court notes that it previously granted Defendant's motion for summary judgment regarding Plaintiff's past medical expenses. Dkt. No. 92, at 5–6.

ORDER DENYING PLAINTIFF'S
AMENDED MOTION TO AMEND
THE CLAIM AMOUNT - 7

include "rehabilitation, increased pain and suffering, [and] inability to work"). Therefore, the Court cannot find any basis upon which to grant any amount of an increase in the claim amount, much less $4 million, and must DENY Plaintiff's Amended Motion.

### III.   CONCLUSION

Based on the foregoing, Plaintiff's Amended Motion (Dkt. No. 94) is DENIED without prejudice. Given the Parties are less than two months away from trial, and Plaintiff has already had two unsuccessful opportunities to amend the claim, should Plaintiff choose to move to amend one final time, Plaintiff shall re-move to amend his claim amount **within five (5) days** of this Order with the Government having **five (5) days** to respond, and any reply by Plaintiff being filed within **three (3) days** of any such opposition. Despite the Court's general policy on requests for extensions of deadlines, *see* Judge Tana Lin, Standing Order for All Civil Cases, Section II.G (last updated Feb. 18, 2022), no extensions of this briefing schedule will be permitted without the Court's order.

IT IS SO ORDERED.

Dated this 4th day of March 2022.

Tana Lin
United States District Judge