1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KA WAI JIMMY LO,

                    Plaintiff,

        v.

UNITED STATES OF AMERICA,

                    Defendant.

CASE NO. 2:17-cv-01202-TL

ORDER GRANTING PLAINTIFF'S
SECOND AMENDED MOTION TO
AMEND THE CLAIM AMOUNT

    This matter comes before the Court on Plaintiff's Second Amended Motion to Amend the

Claim Amount, which is Plaintiff's third attempt to amend the claim amount (the "Third

Motion"). Dkt. No. 117. Defendant, the United States (the "Government"), opposes the Third

Motion. Dkt. No. 122. Having reviewed the relevant record and having found this matter suitable

for decision without oral argument, *see* Fed. R. Civ. P. 78(b), the Court hereby GRANTS the Third

Motion for the reasons explained below.

I.   **BACKGROUND**

Given that this is Plaintiffs' third motion to amend his claim amount, the Court assumes the Parties' familiarity with the underlying facts, procedural history, and the relevant law and does not repeat them here except as needed.

The Court previously denied, without prejudice, Plaintiff's first and second motions to amend the claim amount in two prior orders (respectively, the "First Motion Order" and the "Second Motion Order"). Dkt. Nos. 93, 116. In the First Motion Order, the Court denied Plaintiff's request to increase his claim amount and found that Plaintiff's back surgery (a lumbar laminectomy) was the only newly discovered evidence that was not reasonably foreseeable at the time Plaintiff filed his administrative claim under the Federal Tort Claims Act ("FTCA"). Dkt. No. 93, at 12–13. In the Second Motion Order, the Court again denied Plaintiff's request for an increased claim amount and found that Plaintiff had failed to assert any factual bases directly related to the back surgery to justify his requested amended claim amount. Dkt. No. 116, at 7–8. The Court granted Plaintiff one last chance to seek to amend his claim amount before trial. *Id.* at 8.

Plaintiff timely filed the Third Motion, requesting an increased claim amount of $3 million as general damages based on Plaintiff's emotional distress and anguish, physical suffering, and other details arising out of the back surgery. Dkt. No. 117, at 5–6. Plaintiff also argues that the back surgery was unforeseeable in part because "his condition significantly worsened after the filing of the claim, which necessitated the surgery" and asks the Court to consider damages related to Plaintiff's back pain leading up to the surgery as part of the permitted increase. *Id.* at 4. In support of the Third Motion, Plaintiff submitted declarations and accompanying exhibits, including a declaration from Plaintiff detailing his experience with the back surgery (Dkt. No. 118) and certain medical records (Dkt. No. 119).

ORDER GRANTING PLAINTIFF'S
SECOND AMENDED MOTION TO
AMEND THE CLAIM AMOUNT - 2

1    The Government opposes, arguing that Plaintiff fails to put forth "credible evidence"

2    showing that any increase in the claim amount above the original $300,000 is justified, much less

3    an increase to $3 million. Dkt. No. 122, at 1, 5. In reply, Plaintiff counters certain of the

4    Government's specific arguments. Dkt. No. 124.

5    **II.   DISCUSSION**

6         The relevant law has been summarized and discussed in the First Motion Order, at 3–8,

7    and the Second Motion Order, at 3–5, and the Court refers the Parties to those prior discussions.

8    **A. Justification for the Increased Amended Claim of $3 Million**

9         For the purposes of this present motion, the Court reiterates that the claim amount is not

10   the final damages award. Analogous to a plaintiff's pleadings, the claim amount (when examined

11   pre-trial, as here) is what the plaintiff is permitted to seek; it is the "the ceiling on the maximum

12   recoverable damages." *See Malmberg v. United States*, 777 Fed. App'x 554, 559 & n.3 (2d Cir.

13   2019); *see also Donahue v. U.S. Transp. Sec. Admin.*, 457 F. Supp. 2d 137, 144 (E.D.N.Y. 2006)

14   ("There is no requirement that the [FTCA claim amount] be 'reasonable'; that it be a precise

15   measure of damages; or that the demand be otherwise qualified."). Plaintiff is not necessarily

16   free to demand whatever amount he wishes, *see* Second Motion Order, at 4–5, but upon finding

17   grounds to permit an increase under 28 U.S.C. § 2675(b) (2018), courts routinely grant the

18   requested increase in claim amount without close scrutiny of the value of the increased claim

19   amount and whether the number is supported by the evidence. *See, e.g., Foxworth v. United*

20   *States*, 2006 WL 2008722, at *3–4 (E.D. Va. July 17, 2006) (granting increased claim amount

21   from $500,000 to $5,500,000 with no analysis of the amount but noting that the newly

22   discovered evidence at issue "likely caused her increased pain and suffering"); *see also* Second

23   Motion Order, at 4 (listing cases).

24

1    Indeed, in *Resnansky v. United States* (a case cited by the Government, Dkt. No. 122, at

2    3), the court permitted plaintiffs to increase their claim amount from $1.1 million to $4.5 million

3    even though plaintiffs had provided "no evidence to support their request for a very substantial

4    increase in recovery," noting that plaintiffs would have to prove their actual award of damages

5    later, at trial. 2015 WL 1968606, at *10 (N.D. Cal. May 1, 2015). And in *Craig v. United States*,

6    the court acknowledged the plaintiff's entitlement to increase her claim amount but required

7    *some* support to justify the requested increase. 2002 WL 31115604, at *6 (N.D. Ill. Sept. 23,

8    2002) (noting plaintiff had "provided absolutely no evidence to support her request for a very

9    substantial increase in recovery," such as an affidavit or exhibit or an explanation of "what

10   additional ailment she has suffered . . . that could account for [the] substantial sum"). The Court

11   accordingly directed Plaintiff to seek an increase in the claim amount on the basis of damages

12   tied to the back surgery. *See also Sullivan v. United States*, 173 F. Supp. 2d 691, 693–94 (E. D.

13   Mich. 2001) (permitting increased claim amount on the basis of costs related to an unforeseeable

14   surgery, such as costs of "rehabilitation, increased pain and suffering, [and] inability to work").

15   In his Third Motion and supporting evidence, Plaintiff points to the law of general

16   damages in the State of Washington and details tied directly to his back surgery in support of his

17   new requested claim amount. These details include a surgical scar, "[s]ignificant restrictions in

18   physical activity" and other aspects of daily life immediately following the back surgery,

19   "anxiety and anguish" in relation to the surgery, physical pain associated with recovery from the

20   surgery and the surgical site on his body, and negative physical reactions to medication taken

21   after surgery. Dkt. No. 117, at 5–6; *see also* Dkt. No. 118, ¶¶ 1–5, 7–10, 12, 14–15 (Plaintiff's

22   declaration). While the Government argues that Plaintiff's "concerns about increased suffering

23   and emotional distress and his restrictions in his activity" were foreseeable and cumulative of the

24

ORDER GRANTING PLAINTIFF'S
SECOND AMENDED MOTION TO
AMEND THE CLAIM AMOUNT - 4

harm already alleged[1] (Dkt. No. 122, at 3), the Court has previously held that Plaintiff's back surgery was not reasonably foreseeable; it follows that any pain and anxiety caused by the back surgery were also unforeseeable.

The Government asserts a number of other arguments that go to the weight and admissibility of evidence such as Plaintiff's new declaration. *See, e.g.*, Dkt. No. 122, at 4 ("The Court should also disregard Lo's declaration."). The Government also argues that Plaintiff must, and has failed to, prove that he is entitled to damages above $300,000 and that the Court must now decide "how much of an increase is warranted." *Id.* at 5 ("Plaintiff still bears the burden of establishing that $300,000.00 is insufficient to compensate him for the damages arising from the surgical intervention."). Tellingly, the Government does not cite any cases requiring these analyses—nor has the Court found any. The Court finds these exacting evidentiary issues to be more appropriately reserved for other proceedings in this case, such as the pending motions *in limine* and motions to exclude or at trial.[2]

Whether Plaintiff will be ultimately able to prove his entitlement to a $300,000 award, much less the $3 million he seeks here, remains to be seen. It is enough, at this stage, that

---

[1] The Government attributes the quote, "Worsening of conditions, by itself, is not a valid basis to amend," to *Ramone v. U.S. Postal Serv.*, 2019 WL 3080820, at *5 (E.D. Cal. July 15, 2019). Dkt. No. 122, at 3. The Court did not find this quote in *Ramone* or in any other decision, but in any case, this statement—as well as *Ramone* and *Wilcox v. U.S. Postal Serv. Inc.*, 2019 WL 4138007, at *5 (C.D. Cal. May 3, 2019), which the Government cites to in relevant part—goes to the foreseeability analysis that the Court tackled in the First Motion Order and is not relevant here.

[2] In any case, the Government's argument that Plaintiff's latest declaration (Dkt. No. 118) should be disregarded as contradictory to the existing evidence is unpersuasive. *See* Dkt. No. 122, at 5. For example, while Plaintiff appears to have been "walking much better than prior to surgery" two weeks after his back surgery (Dkt. No. 123, Exh. A, at 2), he very well may have had difficulties moving immediately following the surgery (Dkt. No. 118, ¶¶ 8 ("After the surgery, the doctor put me on very strict physical limitations. . . . Over the next few days, I improved . . . .")). It is also possible to both suffer from great anxiety related to a major surgery and "consent[] to [the] surgery the same day it was offered." *See* Dkt. No. 122, at 5. Therefore, the Court declines to strike Plaintiff's declaration (Dkt. No. 118) from the Court's consideration of the present motion.

ORDER GRANTING PLAINTIFF'S
SECOND AMENDED MOTION TO
AMEND THE CLAIM AMOUNT - 5

Plaintiff has asserted factual bases for damages arising out of reasonably unforeseeable factors.[3] Accordingly, the Court grants Plaintiff's Third Motion to raise his claim amount from the original $300,000 to $3 million.

**B.  Plaintiff's Request for Reconsideration**

Plaintiff asks the Court again to find that damages related to Plaintiff's back pain leading up to the surgery are appropriately considered as part of the increased claim amount. Dkt. No. 117, at 4, 6; *see* Dkt. No. 116, at 5–8 (Second Motion Order noting that damages related to the "back and leg pain leading up to the surgery" was rejected in the First Motion Order). To the extent that this is a request for the Court's reconsideration of its Second Motion Order, motions for reconsiderations are disfavored in this District, and they are ordinarily denied "in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority [that] could not have been brought to [the Court's] attention earlier with reasonable diligence." LCR 7(h)(1). Finding no such manifest error or new facts or legal authority, the Court declines to revisit its prior decision.

The Court has examined the remainder of the Parties' arguments and finds them unavailing.

**III.   CONCLUSION**

Based on the foregoing, Plaintiff's third motion to amend the claim amount (Dkt. No. 117) is GRANTED.

---

[3] Plaintiff also has not shown any bad faith or other egregious errors, such as citing to evidence that the Court has already ruled as inadmissible in this case, that might make the Court reject the motion a third time. *See* Dkt. No. 92, at 5–6 (order holding that Plaintiff's past medical expenses are inadmissible).

ORDER GRANTING PLAINTIFF'S
SECOND AMENDED MOTION TO
AMEND THE CLAIM AMOUNT - 6

1    IT IS SO ORDERED.

2    Dated this 21st day of March 2022.

3

4    _____
     Tana Lin

5    United States District Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

ORDER GRANTING PLAINTIFF'S
SECOND AMENDED MOTION TO
AMEND THE CLAIM AMOUNT - 7