UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KA WAI JIMMY LO,<br><br>    Plaintiff(s),<br> v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant(s). | CASE NO. 2:17-cv-01202-TL<br><br>ORDER |

This is a Federal Tort Claims Act action against the United States (the "Government") arising out of a U.S. Postal Service truck accident. This matter comes before the Court on Plaintiff Jimmy Ka Wai Lo's motion for the Court's review of the Clerk's taxation of costs. Dkt. No. 182. Having reviewed the Parties' briefing and the relevant record, the Court GRANTS the motion in part and reduces the bill of costs to **$3,205.51**.

Following a six-day bench trial, the Court awarded Plaintiff damages in the amount of $204,296.20 and entered judgment against the Government. Dkt. Nos. 174, 175. The Government did not contest liability. Dkt. No. 141 at 2 (pretrial order). Following the trial, the

ORDER - 1

Government moved for an award of costs, representing that it had offered Plaintiff $250,000 to settle the case prior to trial and that Plaintiff had not accepted the offer. Dkt. No. 176 at 1. The Government sought to recover costs incurred after the offer was made in the amount of $5,117.91, representing the total cost of trial transcripts, costs for experts testifying at trial, and printing and copying fees. *Id.* at 2.

The Clerk of the Court granted the Government's motion in full. Dkt. No. 181. Plaintiff now moves to seek review of the Clerk's taxation of costs, conceding that the Government is entitled to recover costs but seeking a reduction in the total cost awarded. Dkt. Nos. 182, 185. The Government opposes. Dkt. No. 184.

"Motions for costs shall be considered by the clerk . . . [and] shall be final, unless modified on appeal to the district court judge . . . ." LCR 54(d)(3), (4). Federal Rule of Civil Procedure 68 provides that a party defending against a claim or a party whose liability has been determined (though the extent of the liability is not) may make an offer of judgment. "If the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made." Fed. R. Civ. P. 68(d).

28 U.S.C. § 1920 also provides that a judge or clerk may tax as costs the following categories (among others):

> (2) Fees for printed or electronically recorded transcripts *necessarily obtained for use in the case*;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are *necessarily obtained for use in the case* . . . .

(emphases added).

1    Plaintiff primarily objects to (1) the cost of trial transcripts, arguing that all but 55 pages
2    of the transcripts were unnecessary because the testimony reflected evidence already in the
3    record, and (2) the cost of printing trial exhibits for use by the Government's expert witnesses,
4    counsel, and staff during trial, arguing that these costs were incurred as a "convenience," rather
5    than a necessity. Dkt. No. 182 at 3.
6    As Defendants point out, the Court ordered post-trial briefing and the inclusion of
7    citations to the trial record in the Parties' post-trial proposed findings of fact and conclusions of
8    law. *See* Dkt. No. 147 (order for revised proposed findings and briefing). In short, the Parties
9    were required to access and reference the trial transcript in this litigation, and the transcripts were
10   therefore "necessarily obtained for use in the case." *See* 28 U.S.C. § 1920(2); *see also Denton v.*
11   *DaimlerChrysler Corp.*, 645 F. Supp. 2d 1215, 1228 (N.D. Ga. 2009) (finding trial transcripts
12   necessary to engage in post-trial briefing). That much of the trial testimony was previewed in
13   prior depositions and expert reports does not affect this analysis.[1] The Government's requested
14   amount of $2,492.60 represents its share of the Parties' joint order for a 14-day delivery of trial
15   transcripts. Dkt. No. 177-3 at 4. The Court finds that the Government's requested amount for the
16   cost of trial transcripts is reasonable. *Cf. Farmer v. Arabian Am. Oil Co.*, 379 U.S. 227, 233–34
17   (1964) (affirming denial of costs for overnight trial transcripts where the trial "was not a
18   complicated . . . trial where lawyers were required to submit briefs and proposed findings").
19   As for the trial exhibits printed for the Government's use (including their experts) during
20   trial, the Government argues—and the Court agrees—that the requested printing and copying
21   costs were necessary "to the extent the *Court* and/or a *witness* referred to/utilized the paper
22   copies." Dkt. No. 184 at 3 (emphases added); *see also* 28 U.S.C. § 1920(4). However, the

---

[1] The Court also adopts the Government's points as to why this argument cannot succeed. *See* Dkt. No. 184 at 3.

ORDER - 3

Government appears to exclude from its response the exhibits printed solely for the Government's use during trial, which the Court takes as a concession that such copies were for the Government's convenience and not necessary for the case.[2] *See, e.g.*, *Voight v. Subaru–Isuzu Automotive, Inc.*, 141 F.R.D. 99, 103 (N.D. Ind. 1992) ("[E]xtra copies of filed papers and correspondence . . . are not necessary but are for the convenience of the attorneys and are therefore not taxable.").

The Court also finds that, while the Government used the copy cost rate of this District for "copies of original documents or microfiche/microfilm reproductions of original records," at $0.50 per page, the more appropriate copy cost rate is for copies "printed from computers in public area," at $0.10 per page, as the printed material in this matter appear to be largely print-outs of electronic files. *See* Dkt. No. 177 at 2; United States District Court, Schedule of Fees, https://www.wawd.uscourts.gov/sites/wawd/files/FeeSchedule.pdf (last revised June 7, 2021). While the Government represents that the $0.50 rate is "commensurate with or less than what is generally accepted and charged in this District" in other FTCA matters, it cites to no such examples. *See* Dkt. No. 177 at 2.

The Court therefore finds it appropriate to award the Government its requested amount for printing and copies, except that: (1) the amount is reduced by the $754.00 attributable to copies printed for the Government's trial team; and (2) the remaining printing and copies fees are reduced by 80 percent, to reflect the revised copy cost rate, for a new subtotal for printing costs of $289.60. *See* Dkt. No. 176 at 2 (breakdown of requested costs award).

---

[2] To the extent that the printing and copying fees also may constitute "[f]ees and disbursements for printing . . . ," which do not have to have been "necessarily obtained for use in the case," *see* 28 U.S.C. § 1920(3), the Court nonetheless declines to award the $754 based on its observation that counsel for both Parties ably relied on electronic exhibits throughout trial.

Accordingly, Plaintiff's motion for the Court's review of the Clerk's taxation of costs (Dkt. No. 182) is GRANTED in part, and the award of costs to the Government is reduced to a revised total of **$3,205.51**.

Dated this 16th day of May 2023.

Tana Lin
United States District Judge

ORDER - 5